# UNITED STATES EX REL. HARRINGTON *v.* CUSTIS.

PHYSICIANS AND SURGEONS; LICENSES.

While, under the act of Congress of January 19, 1905 (33 Stat. at L. 609, chap. 49), it is the duty of the board of medical supervisors of this District to issue in favor of its licentiates such certificates, if any, as may be necessary to enable them to practise medicine in other jurisdictions, in view of the provision of that act prohibiting the issuance of a license, without examination, to a physician who, at the time of making application and for not less than two years, has not been authorized to practise, and has not been actually engaged in practice, in the jurisdiction in which he resides, the board cannot be compelled upon the application of a physician who formerly practised and was licensed to practise in this District, but who has not practised here for two years, and who now resides in Mary-

land, and who has not been engaged in practice there, and who desires to practise in that State, to issue to him a certificate containing the statement "that a person holding an unrevoked license to practise medicine and surgery in the State of Maryland, issuable under conditions similar to those herein set forth, will, upon presentation to the board of medical supervisors of the District of Columbia, of satisfactory evidence of good moral character and professional reputability," be licensed without examination to register as a physician in this District.

No. 2550.   Submitted October 7, 1913.   Decided November 3, 1913.

HEARING on an appeal by the petitioner from an order of the Supreme Court of the District of Columbia overruling his demurrer to the answer of respondents the board of medical supervisors of the District of Columbia, to his petition for a writ of mandamus, and denying the writ, to compel the issuance by respondents of a certificate to enable him without examination to obtain a license to practise medicine.   *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment in the supreme court of the District.   Appellant, Francis E. Harrington, petitioner below, demurred to the answer of the respondents the board of medical supervisors of the District of Columbia, appellees here, to his petition for a writ of mandamus to compel them to issue to him a certificate to be used as a basis for an application for a license authorizing him to practise medicine and surgery in the State of Maryland, "said certificate to be in the form required by the board of medical examiners of the said State as submitted to the board of medical supervisors (appellees) of the District of Columbia by this petitioner" (the appellant). The demurrer was overruled and, appellant electing to stand thereon, the rule to show cause was discharged, and the petition dismissed.

The facts: In the amended petition it is set forth that the appellees constitute the board of medical supervisors of this District, and it is averred, *inter alia,* that they refused to issue

to appellant the certificate above mentioned, containing a statement "that a person holding an unrevoked license to practise medicine and surgery in the State of Maryland, issuable under conditions similar to those herein set forth, will, upon presentation to the board (of medical supervisors for the District of Columbia) of satisfactory evidence of good moral character and professional reputability, and upon payment of a fee of ———— dollars, be licensed without examination to register as physician and surgeon in the State of (District of Columbia)." In the answer appellees admitted that appellant was duly licensed to practise medicine in the District of Columbia August 16, 1904, and so practised here until July, 1910, when he moved to Cumberland, Maryland, where he has since resided; that he has not been lawfully authorized to practise medicine and surgery, nor has he been actually engaged in such practice, in the jurisdiction where he now resides, and wherein he has resided since July, 1910, *nor has he since that time been engaged in the practice of medicine and surgery in the District of Columbia;* that they are willing, and have been willing since July, 1910, to issue to him a certificate that he had been duly licensed to practise medicine and surgery in the District of Columbia, but that they cannot issue to him a certificate containing the paragraph above quoted, because of paragraph "b" of sec. 8a of the act of Jan. 19, 1905 (33 Stat. at L. 609, 610, chap. 49). Said paragraph b prohibits the board of medical supervisors from issuing a license without an examination to a licentiate of another jurisdiction "who, *at the time of making application,* and for not less than two years prior to the date thereof, has not been lawfully authorized to practise medicine and surgery, *and actually engaged in such practice, in the jurisdiction wherein he resides.*" In other words, the contention of the board is that, if a person holding an unrevoked license to practise medicine and surgery in the State of Maryland should apply for a license to practise here without examination, and it should appear that, at the time of making such application, he was not actually engaged in practice in Maryland,

and had not so practised for at least two years prior thereto, the board would be compelled, under the provisions of said sec. b, to refuse his application. The contention of appellant, on the other hand, is that said sec. b does not require the two years of practice by the applicant immediately to precede the date of his application for license. to practise here.

*Mr. Charles C. Lancaster* and *Mr. Jos. A. Burkart,* for the appellant:

1. No provision or paragraph of the act of January 19, 1905, gives the board of medical supervisors, the appellees herein, any authority or pretext to refuse the said certificate. *United States ex rel. Thomson* v. *Custis,* 35 App. D. C. 252.

2. This ill-advised attempt of the board of medical supervisors to deprive one of its own licentiates, in good standing, of his right and privilege to practise his profession in the State of Maryland, when his record is acceptable to the board of that State, is a grave abuse of arbitrary power, and seeks to destroy his only means of support. *Cyarra* v. *Medical Suprs.* 25 App. D. C. 454.

3. Law administered with an evil eye and unequal hand is a denial of equal justice. *Yick Wo* v. *Hopkins,* 118 U. S. 374.

*Mr. Edward H. Thomas* and *Mr. Francis H. Stephens,* for the appellees:

1. There is no resemblance between the case of *Thomson* v. *Custis,* 35 App. D. C. 252, and the case at bar, as contended for by counsel. In that case the board of supervisors attempted by regulation to prescribe what conditions should be regarded as equivalent in another State. The present case does not involve any regulation whatever, but the board, in its action, was confronted by a positive prohibition of the statute, which they were bound in conscience to observe, and which they were not at liberty to ignore.

Mr. Justice Robb delivered the opinion of the Court:

We do not think said sec. b admits of the construction placed upon it by appellant. It prohibits the board from recognizing a license issued in another jurisdiction unless the holder of such license, "at the time of making application" for the recognition of his license here, and for not less than two years prior to the date of such application, has been actually engaged in the practice of medicine and surgery in the jurisdiction wherein he resides. The language of this section clearly requires an applicant to show that he was actually engaged in the practice of medicine and surgery in the jurisdiction of his residence at the time of his application, and a showing that he had been so engaged for two years at some time in the past does not meet its requirements. If it did, one who had been licensed in another jurisdiction twenty-five years ago, and who had then practised for two years in that jurisdiction, and thereafter abandoned such practice, would be entitled to recognition here without examination, although for a period of twenty-three years he had been engaged in other work. Such a construction would frustrate the evident intent of Congress. By this provision it evidently intended to prohibit the recognition of a license obtained in another jurisdiction unless the licensee had in good faith proceeded to make use of his license. Great progress has been made in the medical profession, and Congress undoubtedly thought it more likely that one fresh from practice would measure up to the standards of this jurisdiction. Still other considerations may have inspired this statute, but we do not deem a further discussion necessary.

While paragraph "e" of sec. 8a of said act makes it the duty of the board to issue in favor of its licentiates such certificates, if any, as may be necessary to enable them to practise medicine and surgery in other jurisdictions, it does not require them to certify to an untruth. Their position is correct; and the judgment is affirmed, with costs.                    *Affirmed.*

Petition for rehearing overruled January 5, **1914.**